IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02492-BNB

DAVID W. IRONS,
Applicant,

v.

AL ESTEP, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 07 2008

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant David W. Irons is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility at Cañon City, Colorado. Mr. Irons initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions in two Arapahoe County District Court cases. On December 20, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Irons to show cause why the action should not be dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). On January 4, 2008, Mr. Irons filed his response to the show cause order.

The Court must construe the application and the response to Magistrate Judge Boland's order to show cause liberally because Mr. Irons is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

As noted above, Mr. Irons is challenging the validity of his convictions in two Arapahoe County District Court cases. The relevant state court case numbers are 98CR1822 and 99CR2788. Mr. Irons alleges that he entered a guilty plea in both cases and that the judgments of conviction were entered on April 11, 2000. Mr. Irons asserts that, although he did not file a direct appeal, he filed postconviction motions in both cases in December 2003 and that he filed a second postconviction motion in both cases in December 2006. Mr. Irons claims in the instant habeas corpus action that his state court convictions are invalid because the trial court lacked jurisdiction. He specifically contends that the trial court lacked jurisdiction because the prosecuting attorneys had not filed their oaths of office with the Colorado Secretary of State as required under state law. The Court received the instant action for filing on November 26, 2007.

As Magistrate Judge Boland noted in his order to show cause, the instant action is subject to the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Magistrate Judge Boland first determined that the judgments of conviction in Mr. Irons' cases became final in May 2000 when the time for filing a direct appeal expired. Magistrate Judge Boland also determined that the one-year limitation period began to run in May 2000 because Mr. Irons did not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claim before his convictions became final. Finally, Magistrate Judge Boland determined that the one-year limitation period expired one year later in May 2001 because Mr. Irons did not file any postconviction motions in state court until December 2003.

Mr. Irons does not challenge in his response to Magistrate Judge Boland's show cause order the fact that the judgments of conviction in his criminal cases became final

in May 2003. He also does not challenge the fact that he did not file any postconviction motions until December 2003. Therefore, the instant action is time-barred unless the one-year limitation period began to run on some date after the judgments of conviction became final.

Mr. Irons argues that the one-year limitation period did not begin to run until December 1, 2006, because that is the date on which he discovered that the prosecuting attorneys had not complied with state law regarding the filing of an oath of office with the Colorado Secretary of State. In support of this argument he alleges the following:

> Irons was prevented from discovering that his prosecutors were not properly authorized by the Constitution and Laws of the State to conduct the prosecution, as Irons was fraudulently led to believe that all proceedings were conducted in accordance with the Constitution and Laws of the State. Throughout these criminal proceeding[s] the Trial Court, Appointed Counsel, and Prosecutors proceeded as though everything was being done in compliance with the Constitution and Laws of the State. Since Irons accepted this fact that all Court Officials were Constitutionally authorized, he was effectively prevented from discovering that his prosecutors had failed to file their oath of office, based on the information that had been provided to Irons through the Court records and Appointed Counsel.

(Applicant's Resp. at 1.) Mr. Irons asserts that he only became aware of the failure of the prosecuting attorneys to have properly filed their oaths of office after hearing prison rumors in November 2006 and then submitting a request to the Colorado Secretary of State.

Mr. Irons' argument that he did not discover the facts that support his claim until December 2006 does not persuade the Court that the one-year limitation period began

4

to run in December 2006. The one-year limitation period generally begins to run on the date a judgment of conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). The other possible starting dates for the one-year limitation period are "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action," *see* § 2244(d)(1)(B); the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *see* § 2244(d)(1)(C); or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence, *see* § 2244(d)(1)(D).

Section 2244(d)(1)(C) clearly is not applicable because Mr. Irons does not contend that he is raising any claims based on a newly recognized constitutional right. Mr. Irons may be raising an argument pursuant to § 2244(d)(1)(B) because he contends that the fraudulent misrepresentation described above was unconstitutional state action. However, the Court finds that Mr. Irons' claim of newly discovered evidence more properly is considered in the context of § 2244(d)(1)(D). In any event, the Court finds that the facts alleged by Mr. Irons do not demonstrate that he was prevented by unconstitutional state action from filing this action sooner as required pursuant to § 2244(d)(1)(B).

Pursuant to § 2244(d)(1)(D), the one-year limitation period for Mr. Irons did not begin to run until December 2006 only if Mr. Irons could not have discovered the factual predicate for his claim prior to that time through the exercise of due diligence. The

5

factual predicate for Mr. Irons' claim is the failure of the prosecuting attorneys to comply with state law requiring the filing of an oath of office with the Colorado Secretary of State. Although Mr. Irons alleges that he was prevented from discovering this information, he fails to allege facts to support a determination that he somehow was prevented from discovering the relevant information. Instead, as he himself concedes, Mr. Irons simply "accepted th[e] fact that all Court Officials were Constitutionally authorized." (Applicant's Resp. at 1.) Mr. Irons' lack of awareness of the issue does not mean that the factual predicate for his claim was not discoverable. In fact, it is apparent that the relevant information was readily available once Mr. Irons submitted an inquiry to the Colorado Secretary of State in November 2006. Mr. Irons does not allege that the relevant information could not have been discovered earlier if he had submitted his request earlier.

Therefore, the Court rejects Mr. Irons' argument that the one-year limitation period began to run in December 2006. Instead, the Court finds that the one-year limitation period began to run in May 2000 when the judgments of conviction became final. As a result, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling would be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See*

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Irons bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Irons fails to demonstrate the existence of any circumstances that might justify equitable tolling of the one-year limitation period. The fact that Mr. Irons was not aware of the factual predicate for his claim prior to December 2006 does not justify equitable tolling of the one-year limitation period. Therefore, the Court finds that equitable tolling is not appropriate in this action. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 7 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02492-BNB

David W. Irons
Prisoner No. 104968
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/7/08

                              GREGORY C. LANGHAM, CLERK

                          By: _____
                                   Deputy Clerk